Mr. Justice Oueford
delivered the opinion of the court:
Parties having claims against the United States for labor or service, or for personal property or materials furnished, which are disputed by the officers authorized to adjust the accounts, may compromise the claim and may accept a smaller sum than, the contract price; and where the claimant voluntarily enters, into a compromise and accepts a smaller sum and executes a discharge in full for the whole claim, he cannot subsequently recover in the Court of Claims for any part of the claim voluntarily relinquished in a compromise.
Mason contracted to manufacture and deliver 50,000 muskets, with appendages, of the Springfield pattern. They were to be in all respects identical with the standard rifle-musket made at the national armory, with the regular appendages, and were to be so constructed as to interchange with that pattern and with each other in all their parts/and they were to be subject to inspection in the same manner as the arms are which are manufactured at the national armory; and the stipulation was that none should be received except such as passed' inspection and were approved by the regular inspectors. Deliveries were to be made at the times and in the quantities-therein specified, and payments were to made, in such funds as the Treasury Department should provide, on certificates of inspection and receipt by the inspectors, at the rate of $20 for each arm, including appendages.
Information was also communicated to the contractor by the War Department that double the number specified in the contract would be received, if manufactured at the contractor’s establishment and delivered at the times specified for the delivery of the first 50,000 arms, upon the same terms and conditions as'those specified in that contract.
*131 On tbe 20th of January, 1862, tbe claimant accepted tbe offer to manufacture and deliver tbe second 50,000 muskets and appendages, as proposed in that offer, and duly notified tbe Chief of Ordnance of bis acceptance of tbe same in writing. Pursuant to that arrangement tbe claimant proceeded to make changes in bis machine-works, and to do whatever was necessary to enable him to perform bis agreement, and the- Court of. Claims finds that he was able and willing to perform tbe same, and that be expended $75,000 in changing bis machine-works into an armory for that purpose, and that if be bad been allowed to fulfill the agreement bis profits would have amounted to $5.25 per musket.
Complaint is made that the officers of the United'States prevented the claimant from performing his contract, and it appears that the Secretary of War, on the loth of March, 1862, by an order of that, date, appointed a special commission, consisting of two members, to audit and adjust all orders and claims on the War Department in respect to ordnance, arms, and ammunition, providing in tbe same order that tbeir decisions should be final and conclusive upon the Department on all questions touching tbe validity and execution of the contracts, and tbe sums due or to become due upon tbe same, and upon all other questions arising out of the contracts between the contractors and tbe Government.
Whether the claimant ever appeared before the commission, does not appear, but it does appear that the commissioners, on tbe 15th of May, in the same year, without the consent and against the remonstrance of the claimant, decided and reported to the Chief of Ordnance that the contract of tbe claimant be confirmed, subject to all its terms, to tbe extent of 30,000 muskets, upon the condition that be, the claimant, shall, within fifteen days after-notice of tbe decision, execute a bond, with good and sufficient sureties, in the form and with the stipulations prescribed bylaw and the regulations in such cases, for tbe performance of the contract as thus modified, and that the contract shall be declared null and of no effect in case he fails or refuses to execute such a bond.
Due notice was given of tbe decision to the claimant, and the Chief of Ordnance transmitted to him the draft of the contract and bond contemplated by the decision, with the request that he would execute and file the same within fifteen days from their- *132 receipt if he should accept the contract as confirmed by the commission; and the finding of the Court of Claims shows that be executed the written contract whereby he contracted and engaged to furnish to the United States 30,000 muskets of the Springfield pattern; and the Court of Claims also finds that the contract was performed by both parties, and that no other muskets were ever furnished to the United States by the claimant.
Much discussion of the case is certainly unnecessary, as it is as clear as any proposition of fact well can be that the claimant voluntarily accepted the modification of the contract as suggested by the commissioners, and that he executed the new contract in its place, which he must have understood was intended to define the obligations of both parties. His counsel suggest that he accepted thé new contract without relinquishing his claim for damages, arising from the refusal of the United States to allow him to furnish the whole 100,000 muskets, but the court is unable to adopt that theory, as it is quite clear that he could not have acted with any such motives consistent with good faith toward the War Department, as he must have known that the Chief of Ordnance supposed when he, the claimant, returned the written contract duly executed, that the whole matter in difference was adjusted to the satisfaction of all concerned.
Parties are bound to good faith in their dealings with the United States as well as with individuals, and the court is of the opinion that no party in such a case could be justified, after accepting such a compromise and executing such discharge, in claiming damages for a breach of the prior contract which had been voluntarily modified and surrendered, unless the new contract was accepted under protest or with notice that damages would be claimed for the refusal of the United States to allow the claimant to fulfill the contract which was modified in the new arrangement.
It is contended by the appellant that the case is different in principle from the case of United States v. Adams, (7 C. Cls. R., p. 58,) and the other cases of a corresponding character decided by this court, and the court is inclined to the same opinion, as it is a iilain case of voluntary adjustment between the parties, which all courts hold is final and conclusive. — United States v. Child, (7 C. Cls. R., p. 209;) United States v. Justice, (ante, p. 47.)
*133 None of those cases proceed upon the ground that such a commission possessed any judicial power to bind the parties by their decision, or to give the decision any conclusive effect. Nor can such a commission compel a claimant to appear before them and litigate his claim, but if he does appear and prosecute it, or subsequently accepts the terms awarded as a final settlement of the controversy, without protest, he must be understood as having precluded himself from further litigation.
Attempt is made in argument to show that the adjustment in this case, so far as the claimant is concerned, was the result of duress, but the charge is wholly unsupported by evidence of any kind, except that the United States proposed to annul the old contract if the claimant refused to accept the modification, which is wholly insufficient to establish such a charge.
Apart from that, it is also suggested that the claimant at that time could have no remedy by suit against the United States, as the transaction preceded the passage of the law establishing the Court of Claims, but he might have applied to Congress for relief, as all other claimants were compelled to do from the organization of the Government until the law was passed allowing such parties to prosecute suits against the United States.
Duress, if proved, may be a defense to an action, and it would doubtless be sufficient to relieve a party from the effect of compromise which was procured by such means, but the burden of proof to establish the charge, in every such case, is upon the party making it, and if he fails to introduce any such evidence to support it, the presumption is that the charge is without any foundation.— United States v. Hudson, (10 Wall., 409;) Brown v. Pierce, (7 Wall., 214;) Baker v. Morton, (12 Wall., 157.)
Acceptance from the Government of a smaller sum than the one claimed, even in a case where the amount relinquished is large, does not leave the Government open to further claim on the ground of duress, if the acceptance was without-intimidation and with a full knowledge of all the circumstances; and the case is not changed because the circumstances attending the transaction were such that the claimant was induced from the want of the money to accept the smaller sum in full, which is not proved in this ease. — United States v. Child, (7 C. Cls. R., p. 209.)
*134 Examined in any point of view, we think the decision of the Court of Claims is correct.
Decree affirmed.